WILLIAM RICHARDSON

*v.*

SARAH A. RICHARDSON.

[Filed August 16th, 1904.]

A decree for divorce for desertion will be opened and the defendant allowed to answer where the complainant's case was weak, and the defendant's failure to answer was due to the negligence or misfortune of her counsel, even if the defendant was in laches and was willing, for a price, to allow the complainant to obtain a decree to which she believed he was not entitled.

On motion to open decree of divorce *a vinculo.*

*Mr. Luther Shafer,* for the motion.

*Mr. Peter W. Stagg,* contra.

STEVENSON, V. C.

The bill, praying for an absolute divorce on the ground of desertion, was filed May 19th, 1902. The desertion is alleged to have occurred in New York City, in October, 1898, where the parties had their matrimonial domicile, and where the defendant still resides. The defendant was brought in by publication. On October 20th, 1902, the defendant, through a solicitor of the court, took an order allowing her twenty days from said date in which to file an answer. No answer, however, was filed. On March 13th, 1903, the usual order of reference to a master was made. On August 4th, 1903, I advised a final decree in favor of the complainant upon the report made in his favor by the master.

The defendant, by her affidavit now presented to the court, sets forth that the counsel whom she employed and who took the order on her behalf, above mentioned, drew an answer to the bill and was instructed by the defendant to file the same. No answer was filed, and defendant states that she was not aware of the order of reference or any other proceeding in the cause until she was informed of the final decree. At that time her counsel was suffering from an extended illness, and for that reason and on account of the defendant's poverty her application has been delayed.

In contesting this motion the complainant presents no affidavits in addition to those which are attached to the master's report. It appears from these original depositions that, on October 13th, 1902, the defendant wrote a letter to the complainant's brother-in-law, with whom the complainant was living, in which she denies the charge that she deserted the complainant, and states that the complainant, whom she calls "a contemptible scoundrel," knew that he could not get a decree if she put in her defence. The letter further proves that she had demanded $500 from the complainant practically as the

price of her refraining from interposing a defence—the price to be paid to her for permitting her husband to obtain an absolute divorce from her, to which she believed he was not entitled. The letter certainly does not exhibit the defendant in a light which commends her or her cause.

This application, however, is not to be disposed of with much regard to the private rights of the defendant. This is a case where, in my judgment, the public interests are to be protected —the rights of the "third party" to this divorce suit must be safeguarded.

An examination of the whole case now before the court, including the original depositions which the master took and the additional affidavits presented on this motion on behalf of the defendant, has convinced me that public interests require that the final decree in this cause should be vacated so as to allow the defendant to put in her defence and to compel the complainant, whether confronted with a defence on the part of his wife or not, to prove that he is entitled under the laws of New Jersey to a divorce from his wife on the ground of desertion.

The original case made out by the complainant, which I accepted with hesitation as sufficient upon the advice of the master, presents conspicuous elements of weakness. These elements of weakness relate to the case of desertion made out by the complainant's own story, and also the sufficiency of the corroboratory evidence. The son of the parties, who apparently would be the natural witness to narrate the facts which led up to the separation, appears to be in California, a fact which, presumably, was relied on as a sufficient excuse for not producing him. The only advances made by the complainant, according to his own story, to induce the wife to return to him were made through another son, who was sworn as a witness, but who, while testifying to interviews with the defendant, made no reference to any such invitations.

To this sort of a case must be applied the affidavit of the defendant to which the complainant makes no reply, which, if true, demolishes the complainant's entire case. From the whole case, including this affidavit, my conclusion is that before this

complainant should be allowed to hold his decree there should be further investigation of the questions whether he was not the cause of the separation of which he complains, and whether, whatever the cause of the separation may have been, he did not fully consent to it.

No new rights in this case have intervened. The complainant has not undertaken to remarry. In regard to the procedure the complainant manifestly needs no special condition for his protection. His case before the master rests substantially upon his own affidavit and the affidavits of his sister and his son. These witnesses ought to be cross-examined—the master apparently having refrained from subjecting their testimony to that most useful test. There seems, therefore, to be no reason why the decree should stand pending the further hearing in accordance with the practice followed by Chancellor Walworth in *Dunn* v. *Dunn, 4 Paige 425.* There certainly is a very grave doubt as to the justice of the decree which has been made. The defendant has not been heard, and she has been deprived of her opportunity to be heard by the action or inaction of her solicitor, which was the result of negligence or misfortune. If the defendant might be deemed guilty of any laches it does not appear that the complainant has suffered or will suffer any injury or disadvantage in the prosecution of his suit on that account. Moreover, in dealing with any charge of laches I think that a distinction must be made between cases involving merely the private interests of the litigants and divorce suits in which the state is practically a party.

An order will be advised vacating the enrollment, opening the final decree and giving the defendant ten days within which to file an answer and cross-bill. *Carpenter* v. *Muchmore, 15 N. J. Eq. (2 McCart.) 123; Brinkerhoff* v. *Franklin, 21 N. J. Eq. (6 C. E. Gr.) 334.*